(106 So. 307)

No. 27473. ·

DARDEN v. KLINE.

In re KLINE.

(Nov. 2, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬅️383—Appellant not required to stipulate, in bond on appeal from judgment for delivery of real estate, that he will satisfy damages sustained by appellee pending appeal.**

Code Prac. art. 577, providing that on appeal from decree for delivery of real estate security shall only be required to an amount exceeding by one-half the estimative value of revenue to be derived from real estate and such further amount as judge may determine as surety for any injury to estate while in possession of appellant, is intended as controlling merely amount of appeal bond, terms of which are regulated by article 579, providing for satisfying judgment rendered; hence appellant is not required to stipulate in appeal bond that he will satisfy such damages as appellee may sustain during pendency of appeal.

2. **Appeal and error ⬅️382—Statute relative to appeals from money judgments held not applicable where judgment decreed delivery of real estate.**

Code Prac. art. 575, relating exclusively to amount of bond in suspensive appeals from money judgments, has no relevancy to judgment decreeing delivery of real estate.

3. **Appeal and error ⬅️937(4)—Presumption that judge complied with law in fixing amount of bond.**

Judge is presumed to have complied with law in fixing amount of appeal bond, and, where bond is conditioned according to law, it is sufficient.

Petitory action by A. G. Darden against Mason Kline. Judgment for plaintiff, and defendant obtained an order for a suspensive, and in alternative a devolutive, appeal on furnishing bond. On rule against defendant alleging appeal bond to be defective, rule was made absolute and defendant required to get a new appeal bond. On application by defendant for writs of certiorari, prohibition, and mandamus. Order requiring furnishing of new bond annulled.

Hiddleston Kenner, of New Orleans, for relator.

Terriberry, Rice & Young, of New Orleans, for respondent.

LAND, J. Plaintiff instituted in the civil district court for the parish of Orleans a petitory action against defendant in possession, and prayed for judgment recognizing him as owner of a certain lot of ground and improvements thereon, located in the Seventh district of the city of New Orleans, and that defendant be ordered to deliver to him possession of said property.

On July 7, 1925, judgment was rendered in favor of plaintiff as prayed for, and on July 10, 1925, defendant obtained an order for a suspensive, and, in the alternative, a devolutive appeal from said judgment to this court upon appellant furnishing bond with surety, conditioned as the law directs, in the full sum of $1,000.

On July 17, 1925, defendant executed and filed in the civil district court an appeal bond in the sum of $1,000 with surety, conditioned:

"That appellant shall prosecute his appeal and shall satisfy whatever judgment may be rendered against him; or that the same shall be satisfied by the proceeds of his estate, real or personal, if he be cast in the appeal; otherwise that the said Hiddleston Kenner (surety) shall be liable in his place."

Thereupon, the appellee, plaintiff in the petitory action, filed a rule against defendant, alleging that the appeal bond was defective, illegal, null, and void, as it had not been stipulated in said bond that, in the

event appellant should be cast on the appeal, he would pay whatever damage appellee might have suffered in the way of loss of rents and revenues derived from the property, while the same was in the possession of the defendant during the pendency of the appeal.

Respondent judge, after hearing had, made said rule absolute, and ordered the defendant, appellant, "to furnish within ten days from date a new appeal bond conditioned according to articles 575 and 577 of the Code of Practice, guaranteeing the payment by defendant to plaintiff for any liability, damage, injury, or deterioration which may be caused to the estate of the appellee by defendant while in possession of the same."

[1] The judgment in this case decrees the delivery of real estate, and in such cases article 577 of the Code of Practice provides that—

"Security shall only be required to an amount exceeding by one-half the estimative value of the revenue to be derived from such real estate, pending the suit, and for such further amount as the judge may determine as surety for any injury, or deterioration which may be caused to the estate by the appellant, while in possession of the same."

Article 579 of the Code of Practice declares that—

"In the appeal bond, it must be set forth in substance, that it is given as surety that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his estate, real or personal, if he be cast in his appeal, otherwise that the surety shall be liable in his place."

An appellant is not required to stipulate, in an appeal bond given in cases where the judgment decrees the delivery of real estate, that he will satisfy such damages as the plaintiff may have sustained during the pendency of the appeal.

Article 577 of the Code of Practice is intended as controlling merely as a standard or rule for fixing the amount of the appeal bond to be given in such cases; the terms and conditions of the bond being regulated by article 579 of the Code of Practice.

[2] Article 575 of the Code of Practice has no relevancy to the case at bar, as said article relates exclusively to the amount of the bond in suspensive appeals from money judgments.

The complaint of the appellee is not as to the amount of the appeal bond, but as to its conditions.

[3] It is to be presumed that respondent judge complied with the law in fixing the amount of the bond, and, as said bond is conditioned according to law, the rule of appellee should have been discharged and dismissed in the lower court; said bond being sufficient as to the conditions required by law.

It is therefore ordered that the order of the district judge requiring the furnishing of a new bond be annulled, at the cost of the respondent Darden.